# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0378, <u>State of New Hampshire v. Louise Juneau-Kurylak</u>, the court on January 13, 2017, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Louise Juneau-Kurylak, appeals an order of the Circuit Court (<u>Morrison</u>, J.) finding her guilty of speeding. <u>See</u> RSA 265:60 (Supp. 2016). We construe her brief to argue that: (1) the speed limit was posted in violation of state and federal law; (2) the trial court erred by denying her discovery request for a copy of the "engineering and traffic survey" supporting the posted speed limit; (3) the State "never conducted the required engineering study"; (4) the speed at which she was traveling was reasonable and proper; (5) RSA 265:60, II conflicts with RSA 265:60, I; and (6) "[t]he adoption and retention of the 55 MPH speed limit was and is arbitrary, and in violation of law."

It is a long-standing rule that a party may not have judicial review of issues she did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The appealing party has the burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court. <u>Id</u>. Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court. <u>Id</u>. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the defendant has not supplied a transcript of the hearing before the trial court. Therefore, we assume that the evidence was sufficient to support the trial court's findings. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We examine the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**
